1  WILLIAM H. WRIGHT (SB 161580)
   wwright@orrick.com
2  MICHAEL D. OWENS (SB 266191)
   mowens@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street
4  Suite 3200
   Los Angeles, California  90017
5  Telephone:     +1-213-629-2020
   Facsimile:      +1-213-612-2499
6
   Attorneys for Plaintiffs
7  DANIEL J. KANE and MESA PHOTONICS,
   LLC,
8

   SEDGWICK LLP
   ROBERT HARKINS (State Bar No. 179525)
   robert.harkins@sedgwicklaw.com
   JENNIFER MING (State Bar No. 260367)
   jennifer.ming@sedgwicklaw.com
   333 Bush Street, 30th Floor
   San Francisco, CA  94104-2834
   Telephone:     415.781.7900
   Facsimile:      415.781.2635

   Attorneys for Defendants
   KENNETH W. DELONG and
   FEMTOSOFT TECHNOLOGIES

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  Daniel J. Kane and Mesa Photonics, LLC,

14              Plaintiffs,

15        v.

16  Kenneth W. Delong, Femtosoft Technologies,
    and DOES 1-10,

17              Defendants.

18

19  KENNETH W. DELONG, FEMTOSOFT
    TECHNOLOGIES,
20

21              Counterclaimants,

22

23        v.

24  DANIEL J. KANE and MESA PHOTONICS,
    LLC,

25

26              Counterclaim Defendants.

27

28

Case No. 3:12-cv-05437-EMC

**STIPULATED PROTECTIVE ORDER
FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS**

Judge:        Edward M. Chen

1. PURPOSES AND LIMITATIONS

     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

     2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

     2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

     2.3 Counsel (without qualifier): Outside Counsel of Record in this action (as well as their support staff).

     2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

     2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

OHSUSA:752647043.1

PROTECTIVE ORDER
3:12-cv-05437-EMC

1   all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

2   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3   However, the protections conferred by this Stipulation and Order do not cover the following

4   information: (a) any information that is in the public domain at the time of disclosure to a

5   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

6   a result of publication not involving a violation of this Order, including becoming part of the

7   public record through trial or otherwise; and (b) any information known to the Receiving Party

8   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

9   obtained the information lawfully and under no obligation of confidentiality to the Designating

10  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

11  4. DURATION

12        Even after final disposition of this litigation, the confidentiality obligations imposed by

13  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

14  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

15  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

16  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

17  including the time limits for filing any motions or applications for extension of time pursuant to

18  applicable law.

19  5. DESIGNATING PROTECTED MATERIAL

20        5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or

21  Non- Party that designates information or items for protection under this Order must take care to

22  limit any such designation to specific material that qualifies under the appropriate standards. To

23  the extent it is practical to do so, the Designating Party must designate for protection only those

24  parts of material, documents, items, or oral or written communications that qualify – so that other

25  portions of the material, documents, items, or communications for which protection is not

26  warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or

27  routinized designations are prohibited. Designations that are shown to be clearly unjustified or

28  that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

1    (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

2    Designating Party identify on the record, before the close of the deposition, hearing, or other

3    proceeding, all protected testimony and specify the level of protection being asserted. When it is

4    impractical to identify separately each portion of testimony that is entitled to protection and it

5    appears that substantial portions of the testimony may qualify for protection, the Designating

6    Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

7    a right to have up to 21 days to identify the specific portions of the testimony as to which

8    protection is sought and to specify the level of protection being asserted. Only those portions of

9    the testimony that are appropriately designated for protection within the 21 days shall be covered

10   by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

11   specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

12   entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY." Parties shall give the other parties notice if they reasonably

14   expect a deposition, hearing or other proceeding to include Protected Material so that the other

15   parties can ensure that only authorized individuals who have signed the "Acknowledgment and

16   Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as

17   an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or

18   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected

19   Material shall have an obvious legend on the title page that the transcript contains Protected

20   Material, and the title page shall be followed by a list of all pages (including line numbers as

21   appropriate) that have been designated as Protected Material and the level of protection being

22   asserted by the Designating Party. The Designating Party shall inform the court reporter of these

23   requirements. Any transcript that is prepared before the expiration of a 21-day period for

24   designation shall be treated during that period as if it had been designated "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After

26   the expiration of that period, the transcript shall be treated only as actually designated.

27   (c) for information produced in some form other than documentary and for any other

28   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the

1  Designating Party is unwilling to participate in the meet and confer process in a timely manner.

2      6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court

3  intervention, the Designating Party shall file and serve a motion to retain confidentiality under

4  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

5  applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

6  agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each

7  such motion must be accompanied by a competent declaration affirming that the movant has

8  complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

9  the Designating Party to make such a motion including the required declaration within 21 days (or

10  14 days, if applicable) shall automatically waive the confidentiality designation for each

11  challenged designation. In addition, the Challenging Party may file a motion challenging a

12  confidentiality designation at any time if there is good cause for doing so, including a challenge to

13  the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to

14  this provision must be accompanied by a competent declaration affirming that the movant has

15  complied with the meet and confer requirements imposed by the preceding paragraph. The burden

16  of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous

17  challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

18  expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

19  Designating Party has waived the confidentiality designation by failing to file a motion to retain

20  confidentiality as described above, all parties shall continue to afford the material in question the

21  level of protection to which it is entitled under the Producing Party's designation until the court

22  rules on the challenge.

23  7. ACCESS TO AND USE OF PROTECTED MATERIAL

24      7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or

25  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

26  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

27  the categories of persons and under the conditions described in this Order. When the litigation has

28  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

1    (g) the author or recipient of a document containing the information or a custodian or
2    other person who otherwise possessed or knew the information.

3    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
4    Information or Items. Unless otherwise ordered by the court or permitted in writing by the
5    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
6    CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees
8    of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information
9    for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that
10   is attached hereto as Exhibit A;

11   (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this
12   litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
13   and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];

14   (c) the court and its personnel;

15   (d) court reporters and their staff, professional jury or trial consultants, and Professional
16   Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the
17   "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

18   (e) the author or recipient of a document containing the information or a custodian or
19   other person who otherwise possessed or knew the information.

20   7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL
21   - ATTORNEYS' EYES ONLY" Information or Items to Experts.

22   (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating
23   Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item
24   that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  pursuant
25   to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies
26   the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
27   information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the
28   full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy

of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[3]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[3] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

1   Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that

2   the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need

3   to disclose the Protected Material to its Expert.

4   8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

5   LITIGATION

6           If a Party is served with a subpoena or a court order issued in other litigation that compels

7   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

9           (a) promptly notify in writing the Designating Party. Such notification shall include a

10  copy of the subpoena or court order;

11          (b) promptly notify in writing the party who caused the subpoena or order to issue in the

12  other litigation that some or all of the material covered by the subpoena or order is subject to this

13  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

14  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating

15  Party whose Protected Material may be affected.[4] If the Designating Party timely seeks a

16  protective order, the Party served with the subpoena or court order shall not produce any

17  information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY"  before a determination by the court from which the subpoena or

19  order issued, unless the Party has obtained the Designating Party's permission. The Designating

20  Party shall bear the burden and expense of seeking protection in that court of its confidential

21  material – and nothing in these provisions should be construed as authorizing or encouraging a

22  Receiving Party in this action to disobey a lawful directive from another court.

23  9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

24  LITIGATION

25          (a) The terms of this Order are applicable to information produced by a Non-Party in this

26  action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

27  ────────────────
[4] The purpose of imposing these duties is to alert the interested parties to the existence of this

28  Protective Order and to afford the Designating Party in this case an opportunity to try to protect
its confidentiality interests in the court from which the subpoena or order issued.

EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. (b) In the event that a Party is required, by a valid discovery request, to produce a Non- Party's confidential information in its possession, and the Party is subject to an agreement with the Non- Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non- Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

2  11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

3  MATERIAL

4        When a Producing Party gives notice to Receiving Parties that certain inadvertently

5  produced material is subject to a claim of privilege or other protection, the obligations of the

6  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

7  provision is not intended to modify whatever procedure may be established in an e-discovery

8  order that provides for production without prior privilege review. Pursuant to Federal Rule of

9  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

10  communication or information covered by the attorney-client privilege or work product

11  protection, the parties may incorporate their agreement in the stipulated protective order

12  submitted to the court.

13  12. MISCELLANEOUS

14        12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek

15  its modification by the court in the future.

16        12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order

17  no Party waives any right it otherwise would have to object to disclosing or producing any

18  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

19  Party waives any right to object on any ground to use in evidence of any of the material covered

20  by this Protective Order.

21        12.3 Filing Protected Material. Without written permission from the Designating Party or

22  a court order secured after appropriate notice to all interested persons, a Party may not file in the

23  public record in this action any Protected Material. A Party that seeks to file under seal any

24  Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected

25  Material may only be filed under seal pursuant to a court order authorizing the sealing of the

26  specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a

27  sealing order will issue only upon a request establishing that the Protected Material at issue is

28  privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a

OHSUSA:752647043.1

- 14 -

1   Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

2   5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected

3   Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by

4   the court.

5   13. FINAL DISPOSITION

6           Within 60 days after the final disposition of this action, as defined in paragraph 4, each

7   Receiving Party must return all Protected Material to the Producing Party or destroy such

8   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

9   compilations, summaries, and any other format reproducing or capturing any of the Protected

10  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

11  submit a written certification to the Producing Party (and, if not the same person or entity, to the

12  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

13  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

14  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

15  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

16  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

17  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

18  product, and consultant and expert work product, even if such materials contain Protected

19  Material. Any such archival copies that contain or constitute Protected Material remain subject to

20  this Protective Order as set forth in Section 4 (DURATION).

21          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

OHSUSA:752647043.1

PROTECTIVE ORDER
3:12-cv-05437-EMC

1    Dated: February 26, 2013                    WILLIAM H. WRIGHT
                                                 MICHAEL D. OWENS
2                                                Orrick, Herrington & Sutcliffe LLP

3

4                                                By:  ___/s/ William H. Wright_____
                                                       William H. Wright
5                                                      Attorneys for Plaintiffs
                                                      DANIEL J. KANE and MESA
6                                                      PHOTONICS, LLC

7    Dated: February 26 , 2013                   ROBERT M. HARKINS
                                                 Sedgwick, LLP
8

9

10                                               By:  ___/s/ Robert M. Harkins_____
                                                       Robert M. Harkins
                                                      Attorneys for Defendants
11                                                    KENNETH W. DELONG and FEMTOSOFT
                                                      TECHNOLOGIES
12

13                                    **DECLARATION OF CONSENT**

14           Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under

15   penalty of perjury that concurrence in the filling of this document has been obtained from Robert

16   Harkins.

17

18   Dated: February 26, 2013                    WILLIAM H. WRIGHT
                                                 MICHAEL D. OWENS
19                                               Orrick, Herrington & Sutcliffe LLP

20

21                                               By:  ___/s/ William H. Wright_____
                                                       WILLIAM H. WRIGHT
22                                                    Attorneys for Plaintiffs
                                                      Daniel J. Kane and Mesa Photonics, LLC
23

24

25   PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

26                   3/4/13
     DATED: _____              _____
27                                                 Honorable Edward M. Chen
                                                   U.S. ...
28

     OHSUSA:752647043.1

                                          - 16 -

IT IS SO ORDERED

Judge Edward M. Chen

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Kane v. Delong* (Case No. 3:12-cv-

05437-EMC). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

                    [printed name]

Signature: _____

                    [signature]